George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com
*Attorneys for Plaintiff Marlaina Smith*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Marlaina Smith,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>Trans Union, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc.; JPMorgan Chase Bank, N.A.; Citibank, N. A.; Bank of America, N.A.; Maximus Education LLC dba Aidvantage; and Navient Solutions, LLC.<br><br>　　　　　　　Defendants | Case No.: 2:22-cv-02041<br><br>**First Amended Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.**<br><br>**Jury Trial Demanded** |

## Introduction

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the

banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Marlaina Smith ("Plaintiff"), by counsel, brings this action to challenge the actions of Trans Union, LLC ("Trans Union"); Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); JPMorgan Chase Bank, N.A. ("Chase"); Citibank, N. A. ("Citi"); Bank of America, N.A. ("BANA"); Maximus Education LLC dba Aidvantage ("Aidvantage"); and Navient Solutions, LLC ("Navient"); (jointly as "Defendants") with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in

Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendants' violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## Parties

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendants are each a corporation doing business in the State of Nevada.

14. Chase, Citi, BANA, Aidvantage, and Navient are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

15. Trans Union, Equifax, and Experian regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint

3

includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## General Allegations
### Re: Bankruptcy Case No. 19-16017

17. On or about September 19, 2019, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").

18. The obligations to each creditor-furnisher herein (as applicable) were scheduled in the bankruptcy and each respective creditor, or its predecessor in interest, received notice of the bankruptcy.

19. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

20. No creditor-furnisher named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for any personal liability.

21. Further, while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any post-bankruptcy derogatory collection information, pursuant to the Orders entered by the bankruptcy Court.

22. The accounts named herein (as applicable) were discharged through the bankruptcy on December 24, 2019.

23. However, Defendants either reported or caused to be reported inaccurate information as discussed below after Plaintiff's debts were discharged.

24. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

25. The Consumer Data Industry Association ("CDIA") publishes the Metro 2

("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

26. Courts rely on such guidance to determine furnisher liability. *See, e.g., In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

27. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

28. On information and belief, each furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

29. Each furnisher named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed bankruptcy as further set forth below.

30. In turn, each of the credit reporting agencies named herein, reported and re-reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

31. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

32. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

5

**Trans Union and Navient Misreported Consumer Information
and Failed to Investigate Plaintiff's Dispute
Re: Navient Account No. ****0520**

33. In Plaintiff's consumer report from Trans Union dated August 31, 2022, Trans Union and Navient inaccurately reported the account in past due status from May to December of 2020. This was inaccurate, misleading, and derogatory because the account was in deferment at that time. Additionally, the account was reporting as "Transferred; was 120 days past due date". This statement is inaccurate because Plaintiff performed all obligations required to Navient.

34. On September 22, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

35. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, requesting the above inaccurate information be updated, modified, or corrected.

36. Trans Union was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

37. Upon information and belief, Trans Union timely notified Navient regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

38. Upon information and belief, Trans Union provided Navient with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

39. Upon information and belief, Trans Union provided all relevant information to Navient regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

40. On or around October 7, 2022, Plaintiff received notice that Trans Union and Navient investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

41. A reasonable investigation by Trans Union and Navient would have determined that they were reporting the above disputed information inaccurately.

42. Trans Union and Navient failed to review all relevant information provided by

Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

43. Upon information and belief, Navient continued to report the inaccurate information.

44. In turn, Trans Union re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

45. Trans Union and Navient, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

46. Due to Trans Union's and Navient's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

47. Trans Union's and Navient's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

48. Also as a result of Trans Union's and Navient's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

49. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union and Navient failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

///

///

**Experian, Chase, and Aidvantage Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute**

50. In Plaintiff's consumer report from Experian dated September 22, 2022, Experian and Chase inaccurately reported a balance of $2,453 on Plaintiff's JPMCB Card Services account No. 6684****. This was inaccurate, misleading, and derogatory because the account was discharged in Plaintiff's bankruptcy.

51. Additionally, Experian and Aidvantage inaccurately reported late payments from February to August of 2019 on the following accounts: Dept of ED/Aidvantage, Account No. 97540***; Dept of ED/Aidvantage, Account No. 97540****; Dept of ED/Aidvantage, Account No. 97540***; Dept of ED/Aidvantage, Account No. 97540****; Dept of ED/Aidvantage, Account No. 97540***; Dept of ED/Aidvantage, Account No. 97540****; Dept of ED/Aidvantage, Account No. 97540***; Dept of ED/Aidvantage, Account No. 97540****; Dept of ED/Aidvantage, Account No. 97540****. This was inaccurate, misleading, and derogatory because these accounts were in deferment at that time.

52. Further, Experian reported a series of numerical codes relating to addresses that do not pertain to Plaintiff and two social security numbers that do not pertain to Plaintiff.

53. On July 21, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Experian, in writing, of the inaccurate, misleading, and derogatory information.

54. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, requesting the above inaccurate information be updated, modified, or corrected.

55. Experian was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

56. Upon information and belief, Experian timely notified Chase and Aidvantage regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

57. Upon information and belief, Experian provided Chase and Aidvantage with

8

notices regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

58. Upon information and belief, Experian provided all relevant information to Chase and Aidvantage regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

59. However, Plaintiff never received any notification from Experian that Experian, Chase, and Aidvantage investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

60. A reasonable investigation by Experian, Chase, and Aidvantage would have determined that they were reporting the above disputed information inaccurately.

61. Experian, Chase, and Aidvantage failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

62. Upon information and belief, Chase and Aidvantage continued to report the inaccurate information.

63. In turn, Experian re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

64. Experian, Chase, and Aidvantage, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

65. Due to Experian, Chase, and Aidvantage's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

66. Experian, Chase, and Aidvantage's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the

actual error. Plaintiff is, accordingly, eligible for statutory damages.

67. Also as a result of Experian, Chase, and Aidvantage's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

68. By inaccurately reporting consumer information after notice and confirmation of their errors, Experian, Chase, and DOE failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

### Equifax, Chase, Citi, BANA, Aidvantage, and Navient Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute

69. In Plaintiff's consumer report from Equifax dated August 31, 2022, Equifax and Citi inaccurately reported a balance of $400 on account No. *4358*. This was inaccurate, misleading, and derogatory because the account was discharged in Plaintiff's bankruptcy.

70. Additionally, Equifax and Chase inaccurately reported a balance of $2,453 on account No. *0032*. This was inaccurate, misleading, and derogatory because the account was discharged in Plaintiff's bankruptcy.

71. Additionally, Equifax and BANA inaccurately reported late payments on November and December of 2019 on account No. *5462*. This was inaccurate, misleading, and derogatory because Plaintiff was in an active bankruptcy during those months.

72. Additionally, Equifax and Navient inaccurately reported account No. *0080* in past due status with a late payment history from May to December of 2020. This was inaccurate, misleading, and derogatory because the account was in deferment at that time.

73. Lastly, Equifax and Aidvantage inaccurately reported late payments from

February to August of 2019 on the following accounts: Dept of ED/Aidvantage, Account No. *0080*; Dept of ED/Aidvantage, Account No. *0080*; Dept of ED/Aidvantage, Account No. *0100*; Dept of ED/Aidvantage, Account No. *0100*; Dept of ED/Aidvantage, Account No. *0090*; Dept of ED/Aidvantage, Account No. *0090*; Dept of ED/Aidvantage, Account No. *0110*; Dept of ED/Aidvantage, Account No. *0110*; Dept of ED/Aidvantage, Account No. *0080*. This was inaccurate, misleading, and derogatory because these accounts were in deferment at that time.

74. On September 22, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Equifax, in writing, of the inaccurate, misleading, and derogatory information.

75. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax, requesting the above inaccurate information be updated, modified, or corrected.

76. Equifax was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

77. Upon information and belief, Equifax timely notified Chase, Citi, BANA, Aidvantage, and Navient regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

78. Upon information and belief, Equifax provided Chase, Citi, BANA, Aidvantage, and Navient with notices regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

79. Upon information and belief, Equifax provided all relevant information to Chase, Citi, BANA, Aidvantage, and Navient regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

80. However, Plaintiff never received any notification from Equifax that Equifax, Chase, Citi, BANA, Aidvantage, and Navient investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

81. A reasonable investigation by Equifax, Chase, Citi, BANA, Aidvantage, and

11

Navient would have determined that they were reporting the above disputed information inaccurately.

82. Equifax, Chase, Citi, BANA, Aidvantage, and Navient failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

83. Upon information and belief, Chase, Citi, BANA, Aidvantage, and Navient continued to report the inaccurate information.

84. In turn, Equifax re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

85. Equifax, Chase, Citi, BANA, Aidvantage, and Navient, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

86. Due to Equifax, Chase, Citi, BANA, Aidvantage, and Navient's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

87. Equifax, Chase, Citi, BANA, Aidvantage, and Navient's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

88. Also as a result of Equifax, Chase, Citi, BANA, Aidvantage, and Navient's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

89. By inaccurately reporting consumer information after notice and confirmation of their errors, Equifax, Chase, Citi, BANA, Aidvantage, and Navient's failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

### Plaintiff's damages

90. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

### Violation Of The Fair Credit Reporting Act
### 15 U.S.C. § 1681

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92. Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

93. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

94. Courts rely on such guidance to determine furnisher liability.

95. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

96. On information and belief, each furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

97. Each furnisher named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts set forth above.
98. In turn, each of the credit reporting agencies named herein, reported and re-reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.
99. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.
100. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).
101. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.
102. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.
103. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### Prayer for relief

104. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be

awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

## Jury Demand

105. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 10, 2023.

Respectfully submitted,

**FREEDOM LAW FIRM**

 /s/ Gerardo Avalos
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Marlaina Smith*